Matter of Wilson (Commissioner of Labor) (2023 NY Slip Op 04698)

Matter of Wilson (Commissioner of Labor)

2023 NY Slip Op 04698

Decided on September 21, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 21, 2023

CV-22-2231
[*1]In the Matter of the Claim of Chandra T. Wilson, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 1, 2023

Before:Garry, P.J., Clark, Pritzker, Ceresia and McShan, JJ.

Sanders & Sanders, Cheektowaga (Harvey P. Sanders of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 12, 2022, which, among other things, ruled that claimant's request for a hearing was untimely.
Claimant filed an application for unemployment insurance benefits on April 15, 2020. The Department of Labor issued three initial determinations dated December 18, 2020, finding that claimant was not eligible for unemployment benefits during certain periods and charging her with recoverable overpayments. The Department mailed a revised determination to claimant dated December 21, 2020, which indicated the previously omitted reason for recoverability with respect to one of the applicable periods. Although all of the determinations advised claimant that any request for a hearing must be postmarked within 30 days of the date of the determination, claimant did not request a hearing until February 22, 2021.
Claimant failed to appear at the initial hearing, and, after a hearing on claimant's application to reopen her default, an Administrative Law Judge (hereinafter ALJ) granted claimant's request to reopen the default determination but found that her request for a hearing was untimely and continued the first, second and revised determination. On appeal, the Unemployment Insurance Appeal Board, among other things, remanded the matter to the ALJ for a further hearing on whether claimant's request for a hearing was untimely. At the second hearing, the Department's representative testified that the revised determination only affected the third determination. Claimant testified that she was confused, believed that the revised determination replaced all three of the initial determinations and, as a result, thought that she only owed the amount of recoverable overpayments stated in the revised determination. She testified that, for this reason, she did not request a hearing, although she did not take any steps to clarify or verify her assumption that the first and second determinations had also been revised. When she later checked the Department's website, she realized that she also owed additional overpayments as assessed in the second determination and requested a hearing on February 22, 2021.
The ALJ again found that claimant's request for a hearing was untimely and continued in effect the first, second and revised determinations. The ALJ concluded that, because claimant did not recall when the determinations were received, they were deemed received December 25, 2020 (the three initial determinations) and December 28, 2020 (the revised determination), requiring that any hearing requests be made by January 24, 2021 and January 27, 2021, respectively (see 12 NYCRR 461.1). The ALJ was unpersuaded by claimant's testimony, which it found did not excuse her failure to timely request a hearing, noting that she failed to take any steps to confirm her mistaken belief that all of the initial determinations had been revised. The Board affirmed, prompting this appeal.
We affirm. "Labor Law § [*2]620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Barone [Commissioner of Labor], 199 AD3d 1112, 1113 [3d Dept 2021] [internal quotation marks and citations omitted]). Claimant acknowledged that she received and read the determinations, including the notice that she had 30 days to request a hearing to challenge them. Substantial evidence supports the Board's determination that claimant received the determinations on December 25, 2020 and December 28, 2020, respectively, that she had 30 days from those dates — i.e., by January 24, 2021 and January 27, 2021, respectively — within which to request a hearing and that she delayed requesting a hearing until February 21, 2021, thereby failing to submit a timely request (see 12 NYCRR 461.1 [a]; Matter of Barone [Commissioner of Labor], 199 AD3d at 1113). We defer to the ALJ's credibility determination rejecting claimant's testimony that she was confused by the revised determination (see Matter of Delgado [Commissioner of Labor], 171 AD3d 1338, 1339 [3d Dept 2019]). Claimant offered no evidence of incapacity to support an extension of time to request a hearing (see Labor Law § 620 [1] [a]), and, in any event, her "confusion does not excuse [her] failure to comply with the timeliness requirements of Labor Law § 620 (1) (a)" (Matter of Lewkowitz [Commissioner of Labor], 165 AD3d 1336, 1337 [3d Dept 2018]; see Matter of Smith [Commissioner of Labor], 98 AD3d 792, 792 [3d Dept 2012]). Accordingly, we find no basis upon which to disturb the Board's finding that her request was untimely (see Matter of Barone [Commissioner of Labor], 199 AD3d at 1113; Matter of Delgado [Commissioner of Labor], 171 AD3d at 1339; Matter of Hirota [Commissioner of Labor], 161 AD3d 1371, 1372 [3d Dept 2018]).
Garry, P.J., Clark, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.